UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Berman**

------------------------------------------------------------X

ATLAS SHIPPING A/S.,

                              Plaintiff,

- against -

SILVERSTONE S.A.,

                              Defendant.

------------------------------------------------------------X

08 **08 CV 01524**

ECF CASE

JAN 0 8 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, ATLAS SHIPPING A/S ("Plaintiff"), by and through its attorneys, Lennon,

Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant,

SILVERSTONE S.A.("Defendant") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*,

and this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Denmark.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of Switzerland with an office at

Lausanne.

4.      At all material times, Plaintiff was the disponent Owner of the motor vessel

"ORIANA C" (hereinafter the "Vessel").

5.    By Fixture Recap and Charter Party dated August 8, 2007 ("Charter Party"),
Plaintiff time chartered the Vessel to Defendant for the carriage of full cargos of wheat in bulk
"1 tct in chopt via sps sbs sas always iwl from black Sea to Egypt Med destination (out of EL-
DEKHEILA/ PORT SAID/ALEXANDRIA/DAMIETA – BUT IN ANY CASE SUITABLE
FOR NOMINATED TNNGE)" *See Fixture Recap annexed hereto as Exhibit "1".*

6.    By email dated August 9, 2007, the Defendant cancelled the Charter Party three
days before the Vessel's arrival at load port. *See email dated August 9, 2007 annexed hereto as
Exhibit "2".*

7.    Disputes arose between the parties regarding Defendant's failure to pay Plaintiff
for the damages/losses caused by Defendant's cancellation of the Charter Party.

8.    As a result of Defendant's cancellation of Charter Party, Plaintiff has sustained
damages in the principal amount of $135,625.00, exclusive of interest, arbitration costs and
attorneys fees.

9.    Had Defendant not breached its Charter Party, the Vessel would have been
employed for the full period of the Charter Party, i.e.35 days at a daily rate of hire of $47,500.00
less 5% total commission, for a net daily rate of $45,125.00.

10.   During that period, the Vessel would have earned a total of $1,579,375.00.

11.   Plaintiff did make substitute arrangements to fix the Vessel to another charterer at
a lower daily rate.

12.   Pursuant to the substitute arrangements, the Vessel was employed at a daily rate
of hire of $44,000.00, less 6.25% total commission, for a net daily rate of $41,250.00.

13.   As a result of Defendant's breach of the Charter Party, the Vessel earned a total of
$1,443,750.00.

2

14. Plaintiff's loss is ($45,125.00 - $41.250.00) per day X 35 days = $135,625.00.

15. Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

16 Despite due demand, Defendant has failed to pay the sums due and owing to Plaintiff.

17. Thus, Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings where English law applies. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $135,625.00 |
| B. | Interest on claims:<br>3 years at 6.5%, compounded quarterly | $ 28,943.40 |
| C. | Estimated attorneys' fees and expenses: | $ 24,000.00 |
| D. | Estimated arbitration costs: | $ 10,000.00 |
| **Total** | | **$198,536.40** |

19. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

20. The Plaintiff seeks an order from this court directing the Clerk of Court to

3

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $198,536.40 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.     That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.     That this Court retain jurisdiction over this matter through the entry of any

4

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

F.    That this Court award Plaintiff its attorneys' fees and costs of this action; and

G.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: January 8, 2008
New York, NY

The Plaintiff,
ATLAS SHIPPING A/S

By: _Nancy P_____

Patrick F. Lennon (2162)
Nancy R. Peterson(2871)
Coleen A. McEvoy
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrs@lenmur.com
cam@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of New York )
                )   ss.:    City of New York
County of New York )

    1.      My name is Nancy R.Peterson.

    2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

    4.      I have read the foregoing Verified Complaint and know the contexts thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      January 8, 2008
           New York, NY

                                Nancy R. Peterson

# EXHIBIT 1

corrected

Klaus/Valeryan

gd dy

Plsd to recapitulate clean fixture recap with all subjects in order as
follows:

- m/v Oriana C
  sd/grab/bc
  cayman isl flg blt 1985
  38706 mdwt on 11,024 m ssw / tpc 46,61
  48329,0/46433,8 cbm gr/bl
  grain cubic breakdown
  1/ 7826,8
  2/ 10355,4
  3/ 10156,0
  4/ 10411,9
  5/ 9585,7
  189,98/28,40 mloa/beam

  5 hh 4/25 ts or
  ha dims    1/ 17,71x12,80
  2-5/ 20,02x12,80
  4 grabs each 9 cbm
  gt/nt 23076/12731
  abt 13,0 kn on abt 23,5 rmg + abt 0,5 mts dmb, laden
  abt 13,5 kn on abt 22,0 rmg + abt 0,5 mts dmb, ballast
  pai/pcw abt 1,5/3,0 mts dmb resp
  all abouts

- itinerary : eta varna 10 aug
             etr varna 15 aug
             nature of cargo : petcoke
             agents bon maritime shipping agency

- q'naire:

- VESSEL'S CALL SIGN:    ZCNH4

- IMO NUMBER: 8315102

- DISPONENT OWNERS FULL STYLE:
Atlas Shipping A/S
11 Sundkaj
Freeport
2100 Copenhagen
Denmark

- OWNERS BANKERS:

DANSKE BANK A/S
HOLMENS KANAL AFDELING
HOLMENS KANAL 2-12
.092 COPENHAGEN K.
DENMARK
ELEX: 27000
WIFT ADD: DABADKKK
SD ACCOUNT: 3001-3001356275
BAN NO.: DK41 3000 3001 356275
N FAVOUR OF: ATLAS SHIPPING A/S

REF.: ORIANA C
CORRESPONDING BANK: BANK OF AMERICA N.Y. - SWIFT: BOFADS1N

-PANDI: skuld dk
-H+M VALUE AND CLUB: usd15,000,000
-BANKING DTLS: reverting when clean fixed

-LAST SS/DD:
  LAST SPECIAL SURVEY: January 2004
  LAST DRYDOCKING: January 2004, Chengxi, China

-LAST 3 CARGOES: petcoke (last), steels, bagged rice

-CLASS SOCIETY: ABS

-VSSL SHALL NOT CHANGE OWNERS SHIP OT TIME CHTRS' OWNER OR CLASS
 OR PANDI OR FLAG WITHOUT CHTRS' WRITTEN CONSENT DURING THE
 CHARTER PARTY. - confirm

-VSL'S CLASS COVERED FOR ALL DURATION OF THE VOYAGE - confirm


owners confirm that:

* vessel to be fully pandi covered during the voyage

* vessel to be fully classed and maintain valid all ship's
certificates/class/trading documents.
Vessel is classed highest lloyds or another classification society full
member of the
i.a.c.s./ISM approved/ITF or equivalent agreement.

* vessel to be fully H&M covered


FOR


- CP DD 08th August 2007

-acct silverstone/or guaranteed nominee

address: rue du grand-chene 6 1003 lausanne switzerland
VAT number: 604299

charterers short background:

Silverston is one of the biggest grain trader, was founded in 2002 as a
first private grain
exporter in russia. mainly they exported bulk agriproducts from russia,
ukraine to medsea area,
but also to red sea, persian gulf and indian paninsula. at present,
silverstone have shipped
every month ww direction more then 210.000mts on cif bss and abt 150.000mts
on bss fob.
main loadport novorossiysk/nikolayev/kherson/azov/taganrog. presently at
novorossiysk 2 handymax
vessels under loading of wheat cgo and one in under way to load port.


last fixtures bss cif :

nv "explorius/oldendorff cp dd.15.06.2007 tctrip Novo/Egypmed with bulk
heat
nv "gizella oldendorf " oldendorff tctrip Novo/Egypt med
nv "sea swift"/coscobulk cp 17.07.2007 presently under loading

mv "abdul"/tudor shipping c/p dd 22.06.07 for loading of abt 25.000mts of wheat in bulk, novo/el dekheila.
mv "al amal" cp dd 07.06.07 for loading abt 25.000 mts of wheat, novo/1 sp egyptmed.
mv "humber" c/p dd 30.11.06, loaded 53.000mts of barley Novo/Dammam.
mv "sevkettin sonay" c/p dd 05.04.07, nikolaev/ravenna, loaded 12.500mts.
mv "ocean beauty" c/p dd 22/02/07, loaded 25700mts, novo/el dekheila.
mv "olinda castle" c/p dd 10.03.07. loaded 25.700mts, Novo/Jeddah

( last fixed vessels: mv Gizella Oldendorff- owners Oldendorff Germany / mv "Sea Swift"- Owners COSCOBULK,China)

-dely dlosp Varna atdnshinc

-laycan 12-17.08.2007

-1 tct in chopt via sps abs sas always iwl from black sea to egypt med destination
(out of EL-DEKHEILA/PORT SAID/ALEXANDRIA/DAMIETA - BUT IN ANY CASE SUITABLE FOR NOMINATED TRADE)

-duration min 20 days, case chrtrs redel vsl earlier than said 20 days, chrtrs to compensate owns with full hire for remaining days upto the min of 20 days. 1 laden leg only.

-cargo intention: full cargoes of wheat in bulk with sf-46'

-redel 1sp dlosp egypt mediterranean w/i allowed trading atdnshinc

-hire usd 47.500- daily inclot

-ilohc usd 5,000.- lumpsum

-c/v/e usd 1,500.- per month pro rata

- redelivery notices to read: 15/10/7/5/3/2/1 days

- sub further dets

- 5 % ttl commission

- trading/cargo/bl clauses - as per btb, however confirm vsl can call novo + egypt

- sub cp details owners btb cp dd 11 apr 2006 which to be amend as fllws:
      cargo   excl delete : wheat only
      trading excl delete : novo + egypt only
and logically ammended as per main terms.
++++


- bunker clause:
rob on del : abt 250 mts ifo + abt 55 mts of mdo
charterers to take over and pay for bunkers on board on delivery.
owns have the option to co-bunker with chrtrs.


Bunkers prices for CP purpose to adjust minor differences:
USD 420 for IFO and USD 710 for MDO.

2ND

+++

thnks yr strong support resulting this clean fixture.

I do hope everything correspond to yr records and for further smooth performance.

Brgds,
Valeryan Murygin
Alphomega Chart Ltd.

ph/fax: + 7 4752 713968
mob: +7 921 2316777

Skype: Alphomegachart

# EXHIBIT 2

070809-02651929

To: atlas@atlas-shipping.com <atlas@atlas-shipping.com>, ops@atlas-shipping.com
<ops@atlas-shipping.com>
From: Valeryan Murygin <alphomega@tmb.ru>
Subject: FW: mv Oriana C/Silverston-cancellation of cp
Date: 09-08-2007 18:25:34    (printed 16-11-2007 15:40:13)
Klause+Annamarie/Valeryan

URGENT .

Gd aftrnn,

mv Oriana c / Silverstone  cp dd 08.08.2007 cancellation of cp
--------
good day,

FULL RCVD FM CHRTRS SIDE:

QTE
have just received the information from the chartrs, that owing to default by the
shippers in Novorossiysk to present the contractual quantity for mv Oriana C, chartrs
at present started legal actions against the shippers, however they have no other
alternative as to declare force major case and by present letter kindly apply to
owners for request to present the reasonable amount as a compensation for this
mispleased situation on amicable way.
UNQUOTE

Based on aforesaid, please let me know the amount which can be settled amicably.

In my personnal 16 years experience in chartering/shipping it is second time when
cancellation of the cp takes place in such a way... But previously it happened when I
was shipowner (not broker) on Friday evening... It was awful feeling - now it is
awful too.

Brgds,
Alphomega Chart ltd
Valeryan Murygin
mob. +7 920 2316777

[ 070809-02651929 ] Page 1 of 1